Appeal from a decision of the Unemployment Insurance Appeal Board, filed September 19, 2011, which, among other things, ruled that claimant was disqualified from receiving unemployment insurance benefits because she voluntarily left her employment without good cause.
Claimant was employed as an authorization specialist and surgical scheduler for a surgical practice from June 3, 2008 through July 17, 2008. On July 16, 2008, she was instructed to sign a copy of one of three letters to a credit card company that were also to be signed by one of the doctors in the practice and the office manager. The letter stated that — following a rejection of a claim by a patient’s health insurer for the cost of medical procedures performed on the patient in January 2008 — the employer had charged the unpaid cost to the patient’s credit card because the patient had previously authorized the employer to do so in the event of a rejection by the health insurer. Claimant initially signed the letter, but retained it, informing the employer the next day that she was uncomfortable sending out the letter with her signature because it concerned events that occurred prior to the time her employment began. Claimant was then informed at a meeting that preparing letters following up on matters that had initially been worked on by prior employees was one of her job duties and, if she did not sign the letter, she would be fired. After the meeting, claimant told the office manager that she was going for a walk, but she called the workplace 20 minutes later to state that she was not coming back because she believed she would be fired. Claimant thereafter applied for unemployment insurance benefits claiming that she was terminated. The Unemployment Insurance Appeal Board ultimately denied the application on the basis that claimant voluntarily left her job without good cause. The Board further charged her with a recoverable overpayment of benefits. This appeal ensued.
We affirm. “Whether a claimant has voluntarily left employment is a factual issue to be resolved by the Board, and its determination will not be disturbed so long as it is supported by substantial evidence, despite the existence of evidence which would have supported a contrary result” (Matter of Petrov [Bragard Inc. — Commissioner of Labor], 96 AD3d 1339, 1339 [2012] [internal quotation marks and citation omitted]; accord Matter of Georgatos [Commissioner of Labor], 100 AD3d 1130 *988 [2012]). Here, the Board accepted the testimony from the employer’s witness that it was common practice for new employees to finish the work started by prior employees following a turnover. Although claimant later indicated that she was actually concerned over the legitimacy of the credit card charge, the Board found any concerns over the validity of the letter implausible inasmuch as she did not raise this issue to the employer at the time or ask to see the credit card authorization form signed by the patient. The Board also credited the proof that it was claimant’s choice to leave her job rather than comply with a valid instruction from the employer. Notably, determination of witness credibility is for the Board to resolve see Matter of Wedgle [Commissioner of Labor], 99 AD3d 1139, 1140 [2012]). Accordingly, we additionally find no basis to reverse the Board’s decision that claimant was properly charged with a recoverable overpayment of benefits for falsely claiming that she was fired when she actually quit (see Matter of Niedert [Commissioner of Labor], 98 AD3d 1160, 1161 [2012]).
Claimant’s remaining arguments have been examined and found to be unpersuasive.
Peters, EJ., Lahtinen, Stein and Garry, JJ., concur. Ordered that the decision is affirmed, without costs.